2008 ME 67

**STATE of Maine**

v.

**Michael R. LAFERRIERE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.

Decided: April 15, 2008.

Jeffrey Toothaker, Esq., Toothaker & Chong, Ellsworth, ME, for Michael Laferriere.

Michael E. Povich, District Attorney, William B. Entwisle, Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1] Michael R. Laferriere appeals from a judgment of conviction of assault (Class D), 17–A M.R.S. § 207(1)(A) (2007), of a "family or household member," 19–A M.R.S. § 4002(4) (2007), entered in the District Court (Ellsworth, *Staples, J.*) following a bench trial. Laferriere contends that the trial court erred in refusing to admit evidence regarding prior violent acts the victim allegedly committed against him offered for the purpose of showing that he used a reasonable degree of force to the extent he reasonably believed necessary to defend himself and his property. *See* 17–A M.R.S. §§ 105, 108(1) (2007). We agree, vacate the conviction, and remand for a new trial.

[¶ 2] On August 23, 2006, Laferriere and the victim engaged in a physical altercation in their shared residence, resulting in injuries to the victim. The Sheriff's Department was called and the victim told the responding deputy sheriff that Laferriere initiated the confrontation by punching her while she was sitting on the couch. She also explained that she subsequently destroyed Laferriere's property with a knife sharpener so that Laferriere would allow her to leave. At trial, however, the victim testified that Laferriere did not punch her until after she "went after" his property with a large knife. Laferriere testified that the victim initiated the confrontation and that he physically struggled with her

in defense of himself and his property. When Laferriere sought to testify to prior violent acts the victim allegedly committed against him in order to show the reasonableness of his fear of imminent harm, the State objected. The court sustained the objection, explaining that it would not permit evidence of the victim's prior bad acts.

[¶ 3] We review the trial court's exclusion of evidence for clear error or abuse of discretion. *State v. Mills*, 2006 ME 134, ¶ 8, 910 A.2d 1053, 1056. A preserved error is harmless if it is highly probable that it did not affect the fact-finder's judgment. *State v. White*, 2002 ME 122, ¶ 16, 804 A.2d 1146, 1150.

[¶ 4] While evidence of a victim's bad character or past acts is not admissible to prove that the victim acted in conformity therewith on a particular occasion, M.R. Evid. 404, when an accused raises the defenses of self-defense or defense of property, "this rule does not keep out the victim's reputation for violence, proved to have been known to the accused before the event, for the purpose of showing his reasonable apprehension of immediate danger." *State v. Stanley*, 2000 ME 22, ¶ 13, 745 A.2d 981, 985 (quotation marks omitted). Accordingly, the trial court abused its discretion in refusing to allow Laferriere to introduce evidence of prior violent acts the victim allegedly committed against him in order to demonstrate the reasonableness of his actions. Furthermore, because the court disbelieved Laferriere's version of the events due, in part, to its finding that the degree of force Laferriere exercised in purported self-defense "far exceeded what was reasonable," we cannot say that it is highly probable that the error did not affect the outcome of the trial.

The entry is:

Judgment vacated and remanded to the District Court for further proceedings consistent with this opinion.